UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN DEMETER and PAUL
COBLENTZ,

     Plaintiffs,

v.                                             Case No:  2:16-cv-264-FtM-38CM

LITTLE GASPARILLA ISLAND FIRE
AND RESCUE, INC.,

     Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Little Gasparilla Island Fire and Rescue, Inc.'s Motion to Dismiss the Amended Complaint (Doc. 17). Plaintiffs Stephen Demeter and Paul Coblentz oppose Defendant's motion. (Doc. 18).[2] After carefully considering the parties' arguments and applicable law, the Court denies Defendant's motion.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] This matter has been pending before the Court beyond the 180-day target.  This is in part due to the parties' settlement efforts initiated after Defendant's motion.  (Doc. 21; Doc. 22; Doc. 28; Doc. 32).

**BACKGROUND**

This is a wage and hour dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendant, a not-for-profit corporation, provides fire and rescue services on Little Gasparilla Island. (Doc. 14 at ¶ 5). Since 2014, it employed Demeter as the fire chief, and Coblentz as a firefighter/paramedic. (*Id.* at ¶¶ 9, 32). Both Demeter and Coblentz allege that Defendant misclassified them as exempt from FLSA's overtime requirements, and thus they seek unpaid overtime pay for the excess hours they worked. (*Id.* at ¶¶ 33-40). In addition, Demeter alleges that Defendant fired him in retaliation for seeking overtime wages. (*Id.* at ¶¶ 41-43).

**STANDARD OF REVIEW**

A pleading must contain a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See Id.* It need not accept, however, legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.* The Supreme Court has been clear that a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Moreover, in reviewing a motion to dismiss, a court generally may not consider materials outside of the four corners of a complaint without converting it into a motion for summary judgment. *See Day v. Taylor,* 400 F.3d 1272, 1275-76 (11th Cir. 2005). But a court may consider a document attached to a motion to dismiss if it is central to the plaintiff's claims and its authenticity is not challenged. *Id.* at 1276. A court may also take judicial notice of certain facts. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006). "Public records are among the permissible facts that a district court may consider." *Id.*

Here, Defendant attaches several exhibits to its motion that it requests the Court take judicial notice of. (Doc. 17). The exhibits include Defendant's "Sunbiz" profile from the Florida Department of State's website, Defendant's bylaws, an employment agreement between Defendant and Demeter, and Defendant's proposed budgets and balance sheet. In deciding Defendant's motion to dismiss, the Court will only consider the "Sunbiz" profile because the Florida Department of State's website is a verified website from a public agency. (Doc. 17-3). The remaining exhibits are evidence that the

3

Court cannot consider without converting this matter into a motion for summary judgment. The documents are better suited for consideration at that later stage.

## DISCUSSION

Defendant moves to dismiss the Amended Complaint because Plaintiffs have not alleged actionable claims for an overtime violation or retaliation. (Doc. 17). The Court will address each argument in turn.

### A. Overtime violations (Count I)

Unless exempt, employees covered by the FLSA must receive overtime pay for hours worked in excess of forty in a workweek at a rate not less than one and one-half times their regular rates of pay. 29 U.S.C. § 207(a)(1). To state a claim for failure to pay overtime wages, a plaintiff must show that (1) the defendant employed him; (2) he or the defendant engaged in interstate commerce; and (3) the defendant failed to pay him overtime wages. *See Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). The second and third elements are disputed here.

   *1. Interstate commerce*

In order to be subject to overtime requirements, an employee must be "covered" by the FLSA. Coverage is achieved in one of two ways: (1) the entity is a covered enterprise; or (2) a particular employee is individually covered. An employee may claim individual coverage if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

Here, Plaintiffs assert only individual coverage and plead the following facts in support:

- "regularly performed their work in connection with other instrumentalities of commerce including waterways and highways";

- "used equipment that has been manufactured out of state and moved in interstate commerce";

- "use[d] telephone lines, and other interstate means of communications, including the Internet";

- "use[d] waterways and roadways to transport patients";

- used the internet for training;

- transported patients to boats, helicopters, and hospitals on roads over which commerce flows;

- "routinely and regularly used and/or handled items moving in the stream of commerce including cash for T-shirts sold on behalf of Defendant, fuel and gas for rescue vehicles, office supplies, fire hoses, and fire nozzles."

(Doc. 14 at 2-3; Doc. 18 at 4).  Defendant argues these allegations are not sufficient to plead individual coverage.  It asserts that Plaintiffs do not allege that they are engaged directly and regularly in interstate commerce, and they only show tangential use of internet and telephone lines, which is insufficient.  (Doc. 17 at 12-13).  The Court disagrees.

Plaintiffs have pleaded sufficient facts to tie their work to interstate commerce. They go beyond a mere recitation of the statutory language.  See *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (noting, "to properly allege individual or enterprise coverage, the plaintiff need not do much"). Although *Twombly* and *Iqbal* have raised the bar for notice pleading, they do not demand "detailed factual allegations."  *Twombly,* 550 U.S. at 555; *Iqbal,* 556 U.S. at 678.  And a

simple case of unpaid overtime is not complicated to plead.  See *U.S. Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward.").  At this stage, Plaintiffs need not prove that their ties to interstate commerce were not isolated, sporadic, or tangential.  The Court finds that Plaintiffs' allegations on individual coverage are sufficient to survive a motion to dismiss.

   *2. Overtime pay*

Next, Defendant argues that it is exempt from the FLSA's overtime requirements because it is a public agency providing fire protection services that employs less than five employees on a weekly basis.  (Doc. 17 at 13-16).  These exemptions – which are affirmative defenses – are found at § 207(k) and § 213(b)(20), respectively.

Section 207(k) provides a partial exemption to the overtime requirements for public agencies engaged in fire protection activities.  It provides that employees engaged in fire protection may be paid overtime on a "work period" basis – rather than the traditional workweek.  29 U.S.C. § 207(k).  A "work period" may be from seven consecutive days to twenty-eight consecutive days.  For work periods lasting at least seven but less than twenty-eight days, overtime pay is required when the number of hours worked exceeds the number of hours that bear the same relationship to 212 as the number of days in the work period bears to twenty-eight.  For example, a firefighter is entitled to overtime under such plan after working 159 hours during a twenty-one day work period.  Likewise, § 213(b)(20) provides an exemption to fire protection employees of a public agency that

employs less than five employees during the workweek. Because both exemptions hinge on whether Defendant is a public agency, the Court will start there.

The FLSA defines "public agency" to include the government of a State or political subdivision, any agency of a State, or a political subdivision of a State. 29 U.S.C. § 203(x). Bound by the four corners of the Amended Complaint and Defendant's "Sunbiz" profile, the Court finds, at this stage, that Defendant does not satisfy the above definition. It is a not-for-profit corporation with appointed directors. Charlotte County, Florida contracts it to provide fire and rescue services. Defendant neither is created by a governmental entity nor is it a department or administrative arm of the local government.

Defendant's reliance on *Wilcox v. Terrytown Fifth District Volunteer Fire Dep't Inc.*, No. A. Civ. 88-5473, 1989 WL 87619 (E.D. La. July 31, 1989), *aff'd*, 897 F.2d 765 (5th Cir. 1990) is misplaced here. In *Wilcox*, plaintiff was a paid employee of defendant-fire department, which was a non-profit Louisiana corporation incorporated in 1961. He sued under the FLSA for unpaid overtime wages, arguing that the fire department was a private corporation. On summary judgment, the court found that the fire department was an agency of a political subdivision of Louisiana. In so finding, it had the benefit of discovery when it applied the multitude of factors for deciding whether a private corporation is an agency of the state.

Even if Defendant satisfied the public agency status at this stage, the Court cannot decide whether the § 207(k) and § 213(b)(20) exemptions apply. These affirmative defenses are better suited for summary judgment. The Court is satisfied with Plaintiffs' allegations as to the number and hours they worked: (1) Demeter earned $45,000 per year and worked approximately 120 hours per week for all weeks worked during his

employment; and (2) Coblentz earned $32,000 per year and worked approximately 120 hours per week. (Doc. 14). These allegations are sufficient to survive a motion to dismiss. Also, because the Court declines to take judicial notice of Defendant's meeting minutes, it cannot determine that it employs less than five employees for § 213(b)(20)'s exemption.

In sum, the Court denies Defendant's motion to dismiss the FLSA overtime violation claim (Count I).

**B. Retaliation (Count II)**

The FLSA contains an anti-retaliation provision. It provides that it is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]" 29 U.S.C. § 215(a)(3).

To establish a *prima facie* case of retaliation, a plaintiff must allege that (1) he engaged in activity protected under the act; (2) he suffered an adverse action; and (3) a causal connection between his protected activity and the adverse employment action. *See Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000). Here, Defendant argues there is no causal connection.

A plaintiff can demonstrate causation by showing a close temporal proximity between the time his employer learned about his protected activity and his discharge. Here, Plaintiff alleges that a few weeks after he gave Defendant "an un-filed draft of his FLSA overtime lawsuit with a demand letter," he was fired. (Doc. 14 at 7-8). Taking this allegation as true, it shows temporal proximity that is sufficiently close to satisfy the causal element.

Defendant relies on *Higdon v. Jackson*, 393 F.3d 1211 (11th Cir. 2004) to support the opposite result. It asserts that temporal proximity suffices only where it is "unduly suggestive," and no more than one month can pass for it to be so. (Doc. 17 at 19-20). *Higdon* is not outcome determinative here. In *Higdon*, the Eleventh Circuit remarked that it has "held that a period as much as one month between the protected expression and the adverse action is not too protracted." *Id.* 393 F.3d at 1220 (citations omitted). The court found that a three-month lapse between the protected activity and adverse action did not allow a reasonable inference of a casual relation. *Id.* at 1221. Based on *Higdon*, Defendant draws a line at one month. But that case does not impose a strict one-month ceiling. The Court, therefore, denies Defendant's motion on Demeter's retaliation claim.

Finally, the FLSA maintains a two-year statute of limitations for ordinary causes of action, and a three-year statute of limitations for "willful violations." 29 U.S.C. § 255(a). An employer commits a willful violation "if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985).

Here, Defendant argues that Plaintiffs did not plead sufficient facts to make plausible their allegations that it acted with knowledge or reckless disregard that its actions violated the FLSA. The Court is again unpersuaded. The allegations of the Amended Complaint, which must be taken true at this stage, properly assert willfulness. And, all of the alleged violations occurred within three years of Plaintiffs' filing of the Amended Complaint. Again, at this stage, the Court finds that Plaintiffs have plausibly pled a willful violation.

Accordingly, it is

**ORDERED:**

(1) Defendant Little Gasparilla Island Fire and Rescue, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) is **DENIED**.

(2) Defendant is **DIRECTED** to file an answer to the Amended Complaint on or before **March 3, 2017**.

(3) The parties are **DIRECTED** to file an amended Case Management Report on or before **March 10, 2017**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of February 2017.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record